**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

**Case No. 4:06cr24-SPM**
**vs.**                                  **Case No. 4:08cv166-SPM/WCS**

**HARY JOSUE GONZALEZ QUEZADA,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION TO DENY § 2255 MOTION

Defendant Quezada, proceeding pro se, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 with supporting memorandum. Docs. 124 and 125. Defendant claims ineffective assistance of counsel at sentencing and on appeal, for counsel's failure to seek a sentence reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. He claims that his nolo contendere plea did not automatically preclude such a reduction. The Government filed an answer in opposition, and Defendant filed a traverse. Docs. 128 and 137.

**Procedural History**

Over the Government's objection, doc. 39, Defendant entered a nolo contendere plea to conspiracy to distribute and possess with intent to distribute more than 100

kilograms of marijuana, and possession with intent to distribute more than 100

kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii), and 846.

Doc. 98 (transcript of plea).  Defendant was sentenced to 108 months, at the bottom of

his guidelines range.  Doc. 60 (judgment).  On appeal, the Eleventh Circuit rejected the

claim of error in denying Defendant's request for a minor-role adjustment pursuant to

U.S.S.G. § 3B1.2 (2005).  Doc. 114.[1]

**Standard of Review**

The law governing ineffective assistance of counsel claims was established in

Strickland v. Washington, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 2066, 2068, 80

L.Ed.2d 674 (1984).  Under the two part test of Strickland, Petitioner must

demonstrate both deficient performance and prejudice to the outcome.  To establish

deficient performance, a petitioner "must identify the acts or omissions of counsel that

are alleged not to have been the result of reasonable professional judgment."  466 U.S.

at 690, 104 S.Ct. at 2066.  For prejudice, Petitioner must show "a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have

been different.  A reasonable probability is a probability sufficient to undermine

confidence in the outcome."  466 U.S. at 694, 104 S.Ct. at 2068.

A Defendant who "clearly demonstrates acceptance of responsibility for his

offense" is entitled to a two level reduction to the offense level.  § 3E1.1(a).  In some

cases, on motion of the Government, an additional one level decrease is warranted.  §

3E1.1(b).  A guilty plea and admission of the offense conduct, and admitting (or not

---

[1] The November 1, 2005, Edition of the United States Sentencing Guidelines
Manual was used at sentencing.  PSR, ¶ 20.  All references are to this edition.

falsely denying) additional relevant conduct, "will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." § 3E1.1, comment. (n. 3).

Allowing a sentence reduction for acceptance of responsibility encourages efficiency and economy by encouraging guilty pleas and admissions, and recognizes society's interests in such as reducing crime and the increased potential for rehabilitation among those showing true remorse for their conduct. United States v. Henry, 883 F.2d 1010, 1011-1012 (11th Cir.1989) (citation omitted). As noted in Henry, § 3E1.1 clarifies a pre guidelines tradition of leniency for those who plead guilty, admit guilt, or show remorse to the sentencing judge. 883 F.2d at 1012 (collecting cases).

## § 2255 Claims

As set forth more specifically in his memorandum, Defendant asserts that counsel told him that Defendant would not get credit for acceptance of responsibility if he entered a no contest plea. Doc. 125, pp. 4-7 (referencing Ex. A, discussed ahead). He claims counsel should have argued at sentencing that the no contest plea did not automatically disqualify him from acceptance of responsibility credit. Id., pp. 4-5, *citing, inter alia*, United States v. Rodriguez, 905 F.2d 372, 374 (11th Cir. 1990).[2] He alleges

---

[2] In Rodriguez the court thought "such a per se rule would not be consistent with the intent of the guidelines" but did not have to decide, because the sentencing court had considered other evidence and did not apply a per se rule. Id., at 373-374. In Rodriguez the court quoted § 3E1.1(b) as providing that consideration for a reduction would be "without regard to whether [defendant's] conviction is based upon a guilty plea or a finding of guilty by the court or jury or the practical certainty of conviction at trial." Id., at 374. That language did not appear in the 2005 version of § 3E1.1 as applied to

that "pleading guilty before trial, combined with truthful admission of the conduct comprising the offense and relevant conduct, all of which petitioner did, constitutes significant evidence of acceptance of responsibility." *Id.*, p. 6. Defendant asserts that counsel failed to conduct a reasonable investigation into his eligibility for an acceptance of responsibility adjustment, instead telling Defendant that by entering the no contest plea he was "not going to get acceptance of responsibility." *Id.*, p. 7.

Defendant supplies a letter to him from his counsel, Clyde Taylor, dated January 21, 2008. Doc. 125, Ex. A. Counsel explains there that he and Defendant discussed acceptance of responsibility when they reviewed the PSR prior to sentencing, and that Defendant indicated to him (through the interpreter) that he understood he would not receive this reduction. Ex. A, p. 2. Counsel said there was no issue to raise; the reduction requires demonstration of a clear acceptance of responsibility, and a no contest plea – without more – is not clear acceptance of responsibility. Ex, A, pp. 1-2.

Defendant asserts prejudice due to counsel's error because, had it been raised at sentencing, he would have received at least a two point adjustment for acceptance of responsibility, reducing his guidelines range from 108-135 months to 78-97 months. *Id.*, pp. 8-9.

At rearraignment before the district judge, Defendant did not plead guilty nor did he admit guilt of the offense or of any relevant conduct. Rather he answered questions directed to him from the court. He agreed that he heard the facts the Government was prepared to prove at trial, and the court asked, "[d]o you understand that you are not admitting guilt, but you are acknowledging that those facts, if proven beyond a

this Defendant, having been deleted effective November 1, 2003 (Amendment 459).

reasonable doubt at trial, would satisfy all of the elements of the offense as charged?"

Doc. 98, p. 13. He said yes, and agreed he understood that the "plea here today simply

indicates that you do not wish to contest these charges by proceeding to trial." *Id.*

Defendant did not cooperate or provide any information regarding the offense. *See*

PSR, ¶ 70 ("[a]s both defendants pleaded no contest and have not cooperated with the

investigation of this case, no other information has been made available to clarify the

defendant's role in this conspiracy.").

Defendant claims "observable remorse and his forthright admission of his

involvement at the time of sentencing," and that his conduct, "particularly his reaction to

express to counsel his sorrow for getting involved in this criminal activities [sic] provide

clear indications that petitioner feels strong remorse for his actions." Doc. 12, p. 8,

referencing the sentencing transcript (doc. 93) at pp. 4-5. Saying it now does not make

it so. At sentencing, the court asked if Defendant would like to make any comments,

and defense counsel responded:

> He had previously advised me he did not want to make a statement. His
> nolo plea was entered in this case because of a fear of – rightly or wrongly
> – the criminal justice system in the United States. And through my efforts
> with the interpreter and multiple conversations with my client, I don't think
> I've ever dissuaded him from that notion. *So he has expressed to me*
> *sorrow for getting involved in this incident, but he's reluctant to make any*
> *statements to the court.*

Doc. 93, pp. 4-5 (emphasis added).

Having sorrow for becoming involved in a felony criminal offense does not take

responsibility for what a person has done. People who are convicted of a criminal

offense and get a prison sentence are always sorry that they got themselves into such a

predicament, got caught, and have lost their liberty, but that is not acceptance of

responsibility.  *Cf*. United States v. Thomas, 97 F.3d 1499, 1501 (D.C. Cir.1996);

("There is a difference between admitting the acts and accepting responsibility for the

crimes."); United States v. Dozier, 162 F.3d 120, 128 (D.C. Cir.1998) (quoting this

language from Thomas) (defendant, who had not previously accepted responsibility and

only admitted facts to support the offense, given final opportunity to make a statement

at sentencing and declined, had not clearly demonstrated acceptance of responsibility,

"[w]hile the district court lacks the power to force a defendant to express remorse he

does not feel, it is not required to reward a remorseless defendant with a decrease in

his offense level).

Whatever he may have expressed to counsel, Defendant did not address the

court or cooperate by explaining his involvement to law enforcement agents.  The court

rejected Defendant's argument that he played a minor role as he was merely a

passenger in the truck, noting:

> The record in this case indicates that the truck used in the offense was
> leased to the defendant's aunt and uncle.  The defendant rode from
> California to Florida with Codefendant Ledesma, with 1,063 pounds of
> marijuana in the trailer.  Additionally, a conversation between the
> defendant and Ledesma [was] recorded, wherein they made the comment,
> quote, "They got us," close quote.
>
> . . . Here the defendant was involved in transporting more than a thousand
> pounds of marijuana across country.  There is nothing in the record to
> substantially distinguish defendant's involvement with his codefendant.

Doc. 93, p. 6.

Moreover, Defendant himself did not express sorrow or even try to explain his

involvement to support the minor role reduction.  He merely agreed that the facts the

Government was prepared to prove at trial, *if* proven beyond a reasonable doubt, would

satisfy all the elements of the offenses charged.  Assuming a nolo contendere plea, like a guilty plea, neither guarantees nor precludes acceptance of responsibility credit, Defendant's mere agreement that certain facts would, if proven, constitute the offense charged does not "clearly demonstrate[] acceptance of responsibility for his offense" under § 3E1.1(a).  *See* United States v. Bennett, 161 F.3d 171, 196-198 and n. 16 (3d Cir.1998), *cert. denied,* 528 U.S. 819 (1999) (a nolo contendere plea does not admit or deny charges, but even if equivalent to a guilty plea, a § 3E1.1 reduction is not automatic with a guilty plea; the court considers the plea as well as evidence inconsistent with acceptance of responsibility, like denials of culpability).

Defendant lacked an arguable basis for an acceptance of responsibility reduction.  Thus, he has not shown error of counsel or prejudice to the outcome, whether at sentencing or on appeal.

**Recommendation**

It is therefore respectfully **RECOMMENDED** that the § 2255 motion filed by Hary Josue Gonzalez Quezada, doc. 124, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on April 13, 2009.

s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**